IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MYKENDRA DEITZ, et al.,

    Plaintiffs,

v.             CIVIL ACTION NO.   2:15-cv-08257

DANNY E. PATTON, et al.,

    Defendants.

MEMORANDUM OPINION & ORDER

Pending before the court are twelve Motions in Limine [ECF Nos. 46, 47, 48, 49, 50, 53, 54, 55, 56, 57, 58, 59], a Motion to Strike or Bifurcate [ECF No. 51], and a Motion to Reserve the Right to File Additional Motions in Limine [ECF No. 52] submitted by the defendant BWC Trucking Co., Inc. ("BWC"). The plaintiffs have responded.

a. Background

This case arises out of a motor vehicle accident in Nicholas County, West Virginia on October 21, 2013. *See* Compl. ¶¶ 9–23 [ECF No. 1]. The Complaint alleges the plaintiffs were attempting a left turn at the intersection of Grizzly Road and Interstate 119 when they were struck by a tractor-trailer operated by the defendant Danny Patton. *Id.* at ¶¶ 9–12. The Complaint prays for both compensatory and punitive damages for the plaintiffs' injuries. *Id.* at 4.

On June 24, 2015, the plaintiffs filed suit in the United States District Court for the Southern District of West Virginia against the defendants Danny Patton and BWC. *Id.* at 1. The court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. *Id.* at ¶¶ 1–2.

### b. Motion to Strike or to Bifurcate

BWC has filed a Motion to Strike Plaintiffs' Claim for Punitive Damages Or, In The Alternative, To Bifurcate Trial [ECF No. 51]. BWC's Motion is, in part, a renewed summary judgment motion requesting dismissal of the plaintiffs' punitive damages claim. The court has previously ruled on this matter and denied summary judgment. *See* Order, Nov. 16, 2016 [ECF No. 35]. Therefore, the Motion insofar as it requests dismissal of the punitive damages claim is **DENIED**.

To the extent that the Motion requests bifurcation of the punitive damages claims pursuant to Rule 42(b) of the Federal Rules of Civil Procedure and W. Va. Code § 55-7-29(b),[1] the Motion is also **DENIED**. Federal Rule of Civil Procedure 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving the right

---

[1] Although the defendant cites to both state and federal rules, the court has consistently applied the federal rule, Rule 42(b), for cases over which the court has diversity jurisdiction. *See, e.g., Toler v. Gov't Emps. Ins. Co.*, 309 F.R.D. 223, 224-25 (S.D. W. Va. 2015); *Lester v. Homesite Ins. Co. of the Midwest*, No. 1:14-cv-20361, 2014 WL 6682334, at *1 (S.D. W. Va. Nov. 25, 2014); *see generally Hanna v. Plumer*, 380 U.S. 460 (1965).

of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). Under Rule 42(b), "the granting of separate trials is within the sound discretion of the trial judge." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953). Separating issues for trial, however, "is not to be routinely ordered." Fed. R. Civ. P. 42(b) advisory committee's note; *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (3d ed. 2008) ("Rule 42(b) should be resorted to only as the result of the exercise of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule."). In determining whether bifurcation is appropriate in the instant case, I must perform a two-step analysis: first, I must determine whether separate trials would either avoid prejudice or promote judicial economy; and second, I must determine whether bifurcation would unfairly prejudice the non-moving party. *See Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999).

As the moving party, BWC has the burden of persuading me that bifurcation is appropriate. *See Toler*, 309 F.R.D. at 225. BWC argues that a bifurcated trial would avoid prejudice because the case involves a traumatic brain injury—"a sensitive topic, highly susceptible to confusion, and further requir[ing] the fact finder to carefully consider and analyze scientific issues requiring extensive expert testimony." Mot. Strike 4. BWC further argues that the punitive damages claim hinges on malicious conduct and that the plaintiffs "undoubtedly intend to turn to inflammatory evidence." *Id.* Thus, according to BWC, a bifurcated trial will "preserve the impartial

3

jury necessary to truly evaluate a complex and sensitive question." *Id.* at 5. BWC's argument, simply, is that if the compensatory and punitive damages are tried together, prejudice will result because the jury will not be able to reach an unbiased calculation of compensatory damages having heard evidence of malice going to the punitive damages claim.

BWC's argument is based on mere speculation, and federal courts have found that such a naked assertion is an inadequate basis upon which a court should grant a separate trial. *See, e.g.*, *Toler*, 309 F.R.D. at 225–26 (finding the movant's argument, that evidence of bad faith would taint jury's ability to fairly decide the amount of coverage owed, as inadequate to prove prejudice)[2]; *see also Montgomery v. Am. Family Ins. Co.*, No. 3:09-v-00545, 2010 WL 1936085, at *2 (N.D. Ind. May 11, 2010) ("American Family's naked assertion that it 'might' be prejudiced by certain testimony and defense tactics is an inadequate basis for bifurcation."). Moreover, "[a]ny potential prejudice resulting from combined trials can be remedied by protective measures, including cautionary warnings, limiting instructions, and other instructions to the jury." *Welch v. Logan Gen. Hosp., LLC*, No. 2:15-cv-01022, 2015 WL 3797148, at *3 (S.D. W. Va. June 18, 2015) (citation omitted). BWC has offered no argument for how bifurcation would serve judicial economy. Accordingly, BWC has

---

[2] In *Toler*, the movant alleged an identical argument to BWC. In its memorandum supporting its motion to bifurcate, the movant in *Toler* argued, "[i]f the bad faith and coverage issues were tried together, prejudice will result because the jury will be confronted with the alleged bad acts of [the defendant] and be expected to reach an unbiased decision as to the coverage claim at the same time." *Toler*, 309 F.R.D. at 225. This argument was found to be wholly inadequate to prove prejudice. *Id.* at 225–26.

not demonstrated that it will be prejudiced by a unitary trial of this case.[3] For all these reasons, insofar as the Motion seeks bifurcation, the Motion [ECF No. 51] is **DENIED**.

### c. Remaining Motions

BWC has submitted several Motions in Limine that are a regurgitation of the Federal Rules of Evidence. The court does not permit general evidentiary objections to be made in the guise of a motion in limine and declines to issue an advisory opinion on evidentiary objections. The court will apply the Federal Rules of Evidence at trial. For this reason, BWC's Motions in Limine [ECF Nos. 47, 48, 50, 53, 55, 56, 57, 58] are **DENIED**.

The court intends to handle all *Daubert* motions at trial. For this reason, BWC's Motions in Limine [ECF Nos. 46, 59] are **DENIED without prejudice**. Additionally, the court intendeds to handle procedural matters such as the exclusion of witnesses from the courtroom and the presentation of evidence at trial. For this reason, BWC's Motions in Limine [ECF Nos. 49, 54] are **DENIED without prejudice**.

BWC also has filed a Motion to Reserve the Right to File Additional Motions in Limine [ECF No. 52]. While styled as a motion, the filing is substantively a notice—no relief is requested. Accordingly, the Motion [ECF No. 52] is **DENIED as moot**.

### d. Conclusion

---

[3] Because I do not find that the defendant has met its burden of demonstrating that bifurcation would either promote judicial economy or avoid prejudice, I need not determine whether bifurcation would unfairly prejudice the nonmoving parties. *See Houseman*, 171 F.3d at 1121.

The Motions in Limine [ECF Nos. 47, 48, 50, 53, 55, 56, 57, 58] are **DENIED**. The Motions in Limine [ECF Nos. 46, 49, 54, 59] are **DENIED without prejudice**. The Motion to Strike or Bifurcate [ECF No. 51] is **DENIED**. The Motion to Reserve the Right to File Additional Motions in Limine [ECF No. 52] is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      January 9, 2017

_____

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6